IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 17-cv-01500-RPM

SHERROL HALL, PERSONALLY, AND AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF TERRENCE
JOSEPH EDWARD HUNT, AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES FOR TERRENCE
JOSEPH EDWARD HUNT,

    Plaintiffs,

v.

JASON LENGERICH, IN HIS INDIVIDUAL CAPACITY,
ROBERT TUCKER, IN HIS INDIVIDUAL CAPACITY,
DANA JOHNSON, IN HER INDIVIDUAL CAPACITY,
RENEE JORDAN, IN HER INDIVIDUAL CAPACITY,
PATSY HARTLEY, IN HER INDIVIDUAL CAPACITY,
JOHN HENDRYX, IN HIS INDIVIDUAL CAPACITY,
SANDY JONES, IN HER INDIVIDUAL CAPACITY,
KERRI BARONI, IN HER INDIVIDUAL CAPACITY,

    Defendants.

_____

ORDER FOR DISMISSAL OF THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF
WITH PREJUDICE AND FIRST, SECOND AND SIXTH CLAIMS WITHOUT
PREJUDICE
_____

The amended complaint (Doc. 10), filed October 13, 2017, by Sherrol Hall, individually and as personal representative of the Estate of Terrence Hunt, alleges six claims for relief arising from the suicide of her son, Terrence Joseph Edward Hunt (Terrence or Terry Hunt) on June 20, 2015, while he was an inmate in the Buena Vista Correctional Facility (BVCF), an institution of the Colorado Department of Corrections (DOC).  The Third, Fourth, and Fifth Claims for Relief seek damages pursuant to 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments to the

United States Constitution with jurisdiction provided by 28 U.S.C. § § 1331 and 1343. The First, Second and Sixth Claims are based on Colorado law for which supplemental jurisdiction is requested pursuant to 28 U.S.C. § 1367.

All defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and defendant Sandy Jones also moved for summary judgment of dismissal pursuant to Fed. R. Civ. P. 56.

A response in opposition and brief in support of it were filed on January 30, 2018. (Doc. 30 and 31).

The core of the factual allegations is that on June 11, 2015, Terrence Hunt wrote a letter to his mother which she received on June 15, 2015. Sherrol Hall perceived the letter as expressing an intent to either kill himself or seriously hurt or kill a corrections officer. Accordingly, on June 16 she called several times to the BVCF to alert someone about the contents of the letter. After attempting to reach the case manager she was transferred to Mental Health and stressed to the person answering the phone that she needed to hear from someone immediately.

Ms. Hall filed an affidavit in which she included the following:

> At 4:00 p.m. on June 16, 2015, I was driving home from work, when Sandy Jones in Mental Health called me back. She told me that it took her so long to get back to me because TJ hadn't been in his unit all day. She said that he was in the yard doing what he does. She then told me that he was fine and that he certainly wasn't acting like anything was going on. She claimed that he only sent a request to Mental Health to try to get moved out of Buena Vista. I <u>stressed</u> to her repeatedly that I didn't trust that reason. His letter to me was very painful and explicit and I truly believed he would hurt himself. I explained to her what TJ said in the letter. I <u>begged</u> her not to leave him alone. She assured me that he was fine.
>
> Exhibit 2

Sandy Jones submitted a declaration (Exhibit C) saying that she spoke with Ms. Hall who told her that Terrence Hunt had written a letter claiming to be suicidal and Jones assured her that she would contact him and evaluate him. Ms. Jones further declared that she did talk to Terry Hunt who denied being suicidal and explained that he wrote the letter because he was upset because he was unable to see his grandmother who could not travel to BVCF. Jones said Hunt denied a need for medications or mental health assistance. Jones said she then called Ms. Hall and reassured her that her son did not seem suicidal.

All of the defendants filed declarations denying that they had seen Terry Hunt's letter.

The plaintiff has requested discovery to challenge these declarations. Ms. Jones filed a clinical note documenting her contact with Terry Hunt on June 16, 2015 (Ex. B).

The plaintiff has claimed that the defendants violated established DOC policy in Administrative Regulations attached to the Amended Complaint which, if followed, would have prevented this suicide.

Individual liability for a violation of the constitutional protections of Terrence Hunt depends upon a showing that the defendant personally participated in the unlawful conduct or omission and that the defendant should have been aware that he or she was acting contrary to clearly established law. Qualified immunity protects a government actor in the absence of such proof.

Under the Eighth and Fourteenth Amendments Terence Hunt was entitled to mental health treatment if there was a showing of a substantial risk of suicide. If an official having responsibility to provide that treatment is aware of that risk and is

deliberately indifferent to it, and that is a cause of the death, there would be liability in damages.

Deliberate indifference to a substantial risk of suicide has both objective and subjective components. *Calahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006). Death clearly satisfies the objective component. *Martinez v. Briggs,* 563 F.3d 1082, 1088 (10th Cir. 2009).

The subjective component requires a showing of a culpable state of mind. The official must know of and disregard an excessive risk to an inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

The allegations in the amended complaint are not sufficient to show that any defendant had read the letter. The plaintiff cites regulations that permit prison officials to read inmate outgoing mail for security purposes and asserts that there is a fair inference that each defendant must have been aware of its contents because security personnel should have alerted mental health to it if DOC policy had been followed.

Liability of all defendants other than Jones and Hendryx is based on their supervisory roles and an alleged failure to train and supervise staff in handling such a letter as that written by Hunt. Those allegations are not sufficient to show that any such failure constitutes personal participation in the events causing this death.

The letter, Ex. 1 to Plaintiff's response (Doc. 30), is not a clear call for help or a clear statement of an intent to commit suicide given that it is stated as an alternative to killing a correction officer. The letter also includes a clear threat to a woman who apparently was a complaining witness in the prosecution of the crime for which he was sentenced. The threats in the letter if it had been read by security personnel or any of

4

the defendants would reasonably have been alarming and result in further inquiry and possible security measures. Ms. Hall was obviously concerned about her son's safety and reasonably responded by calling an alert to BVCF. She was apparently somewhat reassured by Ms. Jones' telephone conversation in that she did not do anything to follow-up what she was told during the four days between that call and her son's death.

Sandy Jones was aware of Ms. Hall's alarm about the letter. There is no reason to disbelieve her declaration that she talked to Terry Hunt on June 16. It may be that her assessment of him was a failure of professional judgment but that would not constitute a violation of the Constitution. She is entitled to qualified immunity unless there is clearly established law of which she should have been aware that she failed to grant protection of Terry Hunt from a known intention to commit suicide. Apparently Ms. Hall did not tell her of the threats to others.

The Supreme Court has repeatedly made it clear that there must be an existing precedent that the statutory or constitutional question must be beyond debate and cannot be defined at a high level of generality. *White v. Pauly,* 137 S.Ct. 548, 551-552 (2017). The plaintiff has cited to no such precedent.

Qualified immunity also protects the other defendants.

The allegations made as to defendant John Hendryx are that he was the correctional officer on duty on June 20, 2015, and failed to place Hunt on a suicide watch or to see that he was properly supervised to prevent him from hanging himself. Even assuming an awareness of the letter, there is no clearly established law that his failure to take such action under these circumstances would violate the Constitution.

On the claims made pursuant to 42 U.S.C. § 1983 the defendnts are entitled to dismissal under Rule 12(b)(6) and defendant Jones is entitled also to dismissal under Rule 56.

The First, Second and Sixth Claims for Relief are made under Colorado law and are subject to a different analysis than the federal claims. This ruling does not affect those claims and supplemental jurisdiction for them is not appropriate after dismissal of the federal claims.

Upon the foregoing it is

ORDERED, that the Clerk will enter a judgment dismissing the Third, Fourth and Fifth Claims for Relief in the First Amended Complaint with prejudice and dismissing the First, Second and Sixth Claims for Relief without prejudice for want of jurisdiction and dismissing this civil action.

DATED: February 2nd, 2018

                                              BY THE COURT:

                                              s/Richard P. Matsch
                                              _____
                                              Richard P. Matsch, Senior Judge